UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TERRANCE T. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:22-cv-02489-SHM-tmp |
| | ) | |
| SHELBY COUNTY JUSTICE CENTER | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**ORDER MODIFYING THE DOCKET; DISMISSING THE CONSOLIDATED
COMPLAINT (ECF NOS. 1 & 12) WITHOUT PREJUDICE;
AND GRANTING LEAVE TO AMEND**

---

On July 28, 2022, Plaintiff Terrance T. Collins filed (1) a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Collins filed the complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On August 30, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"). (ECF No. 6 (the "IFP Order").) On September 27, 2022, Collins filed a motion to appoint counsel. (ECF No. 8.) On December 21, 2022, Collins filed eight inmate grievance forms labeled as "Exhibits 1-8." (ECF No. 12 (the "Grievance Forms").) On June 16, 2023, the Court denied Collins's motion to appoint counsel. (ECF No. 14.) The Court CONSOLIDATES the complaint (ECF No. 1) and Grievance Forms (ECF No. 12) as the Consolidated Complaint for purposes of screening pursuant to the PLRA.

The Consolidated Complaint (ECF Nos. 1 & 12) is before the Court.

The Consolidated Complaint is liberally construed to allege 1) Eighth Amendment claims of unconstitutional conditions of confinement arising from a leak from the sink in Collins's cell, failure to protect, and jail policy violations, and 2) state law claims of negligence and medical malpractice.  (ECF Nos. 1 & 12 at PageID 2-3, 31-38.)  Collins sues the following defendants: (1) the SCCJC[1]; (2) FNU Burford[2], a sergeant at SCCJC; (3) FNU Washington, a nurse practitioner at SCCJC; (4) SCCJC Officers on the "2 to 10 & 6 to 2 shift[;]" and (5) Maintenance Workers on the 2 to 10 and 6 to 2 shifts.  (ECF No. 1. at PageID 1, 2 (Defendants Burford and Washington are referred to as the "Individual Defendants" and the remaining Defendants are referred to as the "Unknown Defendants").)  Collins does not specify the capacity in which he sues each Defendant. (*See id.*)  Collins seeks: (1) justice; (2) compensation for pain and suffering; and (3) "any and all help from the [C]ourt…[.]"  (*Id.* at PageID 4.)

For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 1 & 12) is DISMISSED WITHOUT PREJUDICE; and (2) leave to amend is GRANTED.

I.    **BACKGROUND**

Collins alleges that each day for approximately one month he alerted Burford and other SCCJC officers that he "had no working water in [his] cell[.]"  (ECF No. 1 at PageID 2.)  Collins alleges that, in violation of jail policy, he was not "rehoused immediately".  (*Id.*)

---

[1] Collins mistakenly refers to the SCCJC as "Shelby County Justice Center[.]"  (*See* ECF No. 1 at PageID 1.)  The Clerk is DIRECTED to modify the docket to remove "Shelby County Justice Center" and add "Shelby County Criminal Justice Center" as the appropriate Defendant.

[2] Collins refers to Burford interchangeably with Buford throughout the Consolidated Complaint.  (ECF Nos. 1 & 12 at PageID 2, 31.)

On July 10, 2022³ around 3:30 a.m. to 4:00 a.m., the sink in Collins's cell began to spray

hot water to the ceiling causing "melting paint[.]" (*Id.*) Collins alleges the spraying water caused

him to slip and fall when he was trying to stop the water and call for help. (*Id.*) Collins alleges

that the fall caused him to aggravate a previous leg injury. (*Id.*) Collins alleges that it was difficult

to breathe because the air duct in his pod was not working during the hot water incident. (*Id.*)

Collins and his cell mate called and "kicked" for help "for hours", but no one came to assist them.

(*Id.* at PageID 3.) Collins's cellmate helped Collins into his bunk after his fall, and the heat from

the spraying hot water made Collins "slightly faint[.]" (*Id.*) Collins alleges that officers from the

"6 to 2 shift" came to help and that officers from the "10-6" shift did not perform their required

"security rounds[.]" (*Id.*) Collins alleges that the missed security rounds are a violation of jail

policy. (*Id.*)

Collins alleges that he suffers from blood clots and that the blood clots were "aroused (sic)"

by his fall. (*Id.*) Collins does not specify where his blood clots were located. (*See id.*) Collins

alleges that the jail's video footage will show the water and steam coming from his cell at the time

of the leak. (*Id.*)

Collins told an SCCJC lieutenant that he was injured in a fall and needed medical attention.

(*Id.*) Another SCCJC officer escorted Collins to medical where they were told that there "[were]

no medical staff present to see [him][.]" (*Id.*) Collins was told to return around 2:00 p.m. to see

medical. (*Id.*) Upon his return at 2:00 p.m., Collins was told that he could not be seen until the

following morning. (*Id.*) Collins suffered pain and swelling in his knee for more than twenty-four

hours. (*Id.*)

---

³ Collins filed an inmate grievance form that says his fall occurred on July 9, 2022. *See* ECF No. 12 at PageID 31.

The following morning, the swelling in Collins's knee had increased to such an extent that he could "barely walk." (*Id.*) A SCCJC officer gave Collins a wheelchair and escorted him to medical where he was seen by Washington. (*Id.*) Collins and the SCCJC officer advised Washington about Collins's fall and that the swelling in his knee was much worse than it had been on the previous day. (*Id.*) Washington concluded that Collins's injury "was not urgent." (*Id.*) Washington sent Collins back to his cell without anything for the pain or swelling. (*Id.*)

Collins was eventually rehoused after he "refused lockdown [three] or [four] days later[.]" (*Id.*) Collins does not explain why he was being placed in lockdown or the circumstances of his refusal. (*See id.*) Collins alleges "Officers, [m]aintenance, and medical staff refused to do their jobs which resulted in [his] injury[.]" (*Id.*) Collins alleges he was neglected by "[j]ail [s]taff." (*Id.*)

Collins filed two inmate grievance forms about the slip and fall on July 10, 2022[4]. (ECF No. 12 at PageID 31, 33.) One grievance form was returned on July 11, 2022, with the stated reason "Sir, you currently have a grievance concerning this issue in the system pending action." (*Id.* at PageID 31.)

On July 11, 2022, Collins filed an inmate grievance form complaining that Washington had denied Collins's request for pain medication and failed to provide "proper treatment[.]" (*Id.* at PageID 34.)

On July 12, 2022, Collins filed an inmate grievance form alleging that "maintenance" did not "show up" to fix his sink, that Collins had informed "multiple officers" on the "6 to 2 and 2 to

---

[4] Collins filed one inmate grievance report that is not legible. *See* ECF No. 12 at PageID 32.

4

10 shift" to "put in a maintenance request", and that "nothing" had been done "due to negligence of either the officers, maintenance, or both[.]" (*Id.* at PageID 35.)

On July 14, 2022, Collins filed an inmate grievance form alleging that he had been experiencing pain from the slip and fall and had "put in sick calls[,]" but claims in the grievance that jail medical refused to see him until he had been "seen by R[egional] One medical staff[,]" and alleges, that this amounted to "improper medical treatment" and "medical malpractice[.]" (*Id.* at PageID 36.)  Collins received a response to this grievance on July 15, 2022, that he "must wait on a response to [a] previous grievance.  Also, you are allowed (5) grievance[s] within 30 days." (*Id.*)

On July 18, 2022, Collins filed an inmate grievance form about the lack of responses to his prior grievances and advised that he had been moved to a different cell in case his relocation was the reason he had not received any grievance responses.  (*Id.* at PageID 37.)  Collins received a response to this grievance on the same day saying he would receive grievance responses by July 19, 2022.  (*Id.*)

On July 27, 2022, Collins filed an inmate grievance form because Washington had told Collins that he would be seen at Regional One for an x-ray and ultrasound within one week, but that two weeks had passed without Collins being seen at Regional One.  (*Id.* at PageID 38.) In the grievance, Collins alleges Washington should have seen his slip and fall injury as "urgent" and "immediately sent [Collins] to Regional One" given that Collins's blood clot condition was "aroused (sic) from the fall" and could have "caused [d]eath…[.]" (*Id.*)  Collins concludes he has not "been seen properly by medical staff … which is medical malpractice[.]" (*Id.*)

## II.    SCREENING

### A.  Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a " 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011)

(affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'"

(quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements To State a Claim Under § 1983

Collins alleges claims under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)   To state a claim

under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the

"Constitution and laws" of the United States, and (2) that a defendant caused harm while acting

under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

### A. The SCCJC

To the extent the Consolidated Complaint alleges claims against the SCCJC (ECF No. 1 at

PageID 1-3; ECF No. 12 at PageID 31-38), Collins's claims are not well taken.  Under § 1983, a

jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL

1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit

under § 1983").  Collins's claims against the SCCJC fail as a matter of law.

The Court construes Collins's claims against the SCCJC as claims against the County. *See

Marbry*, 2000 WL 1720959, at *2.  The County may be held liable only if Collins's injuries were

sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of

Soc. Serv.*, 436 U.S. 658, 691-92 (1978).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or

custom, (2) connect the policy to the municipality, and (3) show that his particular injury was

incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing

7

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Collins does not allege that he has been deprived of a right because of a policy or custom of the County. (*See* ECF Nos. 1 at PageID 2-3 & 12 at PageID 31-38.) Collins's allegations are based on his particular experience of unconstitutional conditions of confinement, failure to protect and jail policy violations, and state law negligence, and medical malpractice. (ECF Nos. 1 & 12 at PageID 2-3, 31-38.) The Consolidated Complaint does not allege any policy or custom of the County, much less one pursuant to which Collins was deprived of his constitutional rights.

The Clerk shall add Shelby County, Tennessee (the "County") as a Defendant. The Consolidated Complaint's constitutional claims against (1) the SCCJC and (2) the County are DISMISSED WITHOUT PREJUDICE for failure to allege sufficient facts stating a claim to relief.

## B. Official Capacity Claims Against the Individual Defendants

Collins does not allege whether he sues the Individual Defendants in their official or individual capacities. (*See* ECF No. 1.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Collins's claims against the Individual Defendants as official capacity claims. Collins's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' employer — the County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002)

(citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  The Consolidated Complaint's

claims against the County fail for the reasons explained above.  *See* Section III.A., *supra*.

The Consolidated Complaint's claims against the Individual Defendants in their official

capacities are DISMISSED WITHOUT PREJUDICE for failure to allege sufficient facts stating a

claim to relief.

## C. <u>Unknown Defendants</u>

Collins names "Officers on the 2 to 10 & 6 to 2 shift and Maintenance Workers on those

same shifts" as Defendants.  (ECF No. 1 at PageID 2.)  For several reasons, Collins's effort fails

to allege a cognizable claim against anyone.

Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a

complaint.  An action is commenced against an unknown defendant when the complaint is

amended under Fed. R. Civ. P. 15 to specifically name that defendant and the plaintiff effects

service of process on that named defendant in compliance with Fed. R. Civ. P. 4.  Before Collins

can proceed against the Unknown Defendants, Collins must identify those individuals by their

names and re-allege claims against them within the one-year limitations period provided in

Tennessee Code Annotated § 28-3-104(a)(1)(B).  *See*, e.g., *Montgomery v. Wellpath Medical*, No.

19-0675, 2021 WL 4773097, at *1 (M.D. Tenn. Oct. 13, 2021).

Collective liability -- i.e., when claims are brought against persons such as "government

officials" -- is not permitted under § 1983.  A group of people, such as "officials", is not a "person"

subject to suit pursuant to § 1983.  *See, e.g., Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355

(6th Cir. 2006); *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn.

Sept. 30, 2019).  Collins must identify the specific Unknown Defendants who are responsible for

the conduct Collins challenges.

Collins alleges that "Officers, [m]aintenance and medical staff refuse to do their jobs" at the SCCJC.  (ECF No. 1 at PageID 3.)  Those general allegations, which do not identify a responsible party, are insufficient to state a claim against any individual. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

Collins does not allege whether he sues the Unknown Defendants in their official or individual capacities.  (*See* ECF No. 1.)  To the extent these Unknown Defendants are County employees sued in their official capacity, Collins's claims fail to state a claim to relief.  Collins's official capacity claims against the Unknown Defendants are treated as claims against the Individual Defendants' employer — the County.  *See Jones*, 296 F.3d at 421 (citing *Matthews*, 35 F.3d at 1049).  The Consolidated Complaint's claims against the County fail for the reasons explained above.  *See* Section III.A., *supra*.

Collins's allegations against "Officers on the 2 to 10 & 6 to 2 shift and Maintenance Workers on those same shifts" fail to state a claim to relief, and those claims are DISMISSED WITHOUT PREJUDICE.

### D. Jail Policy Violations

Even if SCCJC staff failed to follow internal jail policy as alleged, Collins does not state a claim of constitutional magnitude.  (ECF No. 1 at PageID 2-3.)  An inmate's allegation that jail officials failed to follow a correctional facility's administrative policies does not by itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007).  After the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995), mandatory language in prison regulations does not create a liberty interest protected by the Due Process

10

Clause. *See Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 728–30 (W.D. Tenn. 1999), *aff'd*, 198 F.3d

247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995)).

Section 1983 does not provide a remedy for violating state laws or regulations. *Lewellen*

*v. Metro. Gov't*, 34 F.3d 345, 347 (6th Cir. 1994); *see also Storm v. Swiger*, No. 4:07 CV 2387,

2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding a violation of a prison regulation is

not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.

1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

Collins does not have a constitutional right to have SCJCC personnel follow the jail's policies.

### E.  State Law Claims

Collins alleges that he was neglected by Defendants and that his treatment by medical staff

amounted to medical malpractice.  (ECF Nos. 1 & 12 at PageID 3, 31, 33,35, 36,38.)  Collins's

allegations are construed as claims of negligence and medical malpractice under the law of

Tennessee.

Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default

assumption is that the court will exercise supplemental jurisdiction over all related

claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir.

2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal

quotation marks omitted).  Section 1367 grants district courts broad discretion about whether to

exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*,

625 F.3d 949, 951 (6th Cir. 2010).  Courts should "weigh several factors, including the 'values of

judicial economy, convenience, fairness, and comity.'" *Id*. at 951–52 (quoting *Carnegie-Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted).

Because all of the Consolidated Complaint's federal claims are being dismissed, the Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law. The Consolidated Complaint's state law claims for negligence and medical malpractice are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

## IV.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the Consolidated Complaint under the conditions set forth below.

## V.    CONCLUSION

For the reasons set forth above:

A. The Clerk shall MODIFY the docket to: (1) replace "Shelby County Justice Center" as a Defendant with "Shelby County Criminal Justice Center"; and (2) add Shelby County, Tennessee (the "County") as a Defendant;

B. The Consolidated Complaint's constitutional claims (ECF Nos. 1 & 12) are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2);

C. The Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law. The Consolidated Complaint's state law claims for negligence and medical malpractice are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3);

D. Leave to amend the Consolidated Complaint is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Collins's claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Collins or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Collins fails to file an amended complaint within the time specified, the

13

Court will dismiss the Consolidated Complaint's constitutional claims with prejudice and enter judgment; and

E.      Collins is ORDERED to notify the Court immediately, in writing, of his current address if he is transferred or released.  If Collins fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**, this  _4th_  day of December, 2024.


/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

14